```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

MARKEL AMERICAN INSURANCE COMPANY                        PLAINTIFF

    v.                Civil No. 07-06056

THE WATKINS COMPANY and
CHERIE McKNIGHT, SPECIAL ADMINISTRATOR
OF THE ESTATE OF RACHEL RUTHERFORD                       DEFENDANTS

### MEMORANDUM OPINION & ORDER

Plaintiff insurance company seeks declaratory judgment determining coverage under a commercial watercraft insurance policy. Before the Court are motions to dismiss filed by separate defendants (Docs. 29, 34), plaintiff's responses (Docs. 36, 38), defendants' replies (Docs. 42, 43) and supportive pleadings, which raise the sole issue of whether the Court has subject matter jurisdiction over the present lawsuit based on its admiralty and maritime jurisdiction under 28 U.S.C. § 1333. For reasons reflected below, the Court finds that jurisdiction is proper under § 1333. Accordingly, the motions to dismiss (Docs. 29, 34) are DENIED.

### I. Background

Plaintiff Markel American Insurance Company ("Markel") issued a commercial watercraft insurance policy (the "Policy") to Defendant The Watkins Company ("Watkins"). The Policy covered jet skies owned by Watkins. On March 29, 2007, Kate Watkins and Rachel Rutherford, both fifteen-years-old at the time, were operating two Watkins jet skies on Lake Hamilton in

Hot Springs, Arkansas. Kate Watkins is the daughter of Rick Watkins, owner of The Watkins Company. Rachel Rutherford was Kate Watkins' friend. As Kate Watkins and Rutherford passed through the main channel of the Little Marzan, the jet skies collided. Rachel Rutherford suffered a severe laceration to her left leg and died from excessive blood loss.

Following the accident, Watkins requested that Markel assume Watkins' defense and indemnify Watkins in the event that a claim for wrongful death is brought against the company by the estate of Rachel Rutherford. As of yet, no tort actions have arisen from the accident.[1]

---

[1] The parties do not raise the issue of ripeness. However, the Court finds it necessary to consider the justiciability of this dispute in light of the fact that Rutherford's estate has not filed an action against Watkins. Ripeness is a jurisdictional matter that the Court may raise *sua sponte*. *Security First Bank v. Alvarez*, 205 F.3d 1352, 1352 (9th Cir. 1999). The Court is concerned that the parties attempt to adjudicate prematurely a dispute that remains abstract without the filing of an action against Watkins.

Ripeness is a jurisdictional prerequisite that prohibits federal courts from deciding "abstract, hypothetical or contingent questions." *Alabama State Federation of Labor v. McAdory,* 325 U.S. 450, 461 (1945). "[T]he distinction between a justiciable actual controversy and a merely hypothetical dispute not yet ripe for decision is often less than obvious. The question becomes even more nettlesome in the context of an action seeking a declaratory judgment, since the purpose of the latter is to 'settle actual controversies before they ripen into violations of law or a breach of duty.' *Public Service Co. of New Mexico v. City of Albuquerque*, 755 F. Supp. 1494, 1496-97 (D.N.M. 1991) (citing *United States v. Fisher-Otis Company, Inc.,* 496 F.2d 1146, 1151 (10th Cir.1974)).

The ripeness doctrine requires a definite and concrete dispute between parties having adverse legal interests. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). "The difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test." *Id*. at 297. However, the ripeness inquiry requires consideration of the "fitness of the issues for judicial review" and "the hardship to the parties of withholding consideration." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000) (quotations omitted). "A party seeking judicial relief must necessarily satisfy both prongs to at least some minimal degree. *Id*.

On July 23, 2007, Markel filed an action in this Court against Defendants Watkins and Cherie McKnight, special administrator of the estate of Rachel Rutherford, for declaratory judgment under 28 U.S.C. § 2201.  Markel seeks a declaration of coverage under the Policy for claims arising from the accident of March 29, 2007.  Markel asserts in its complaint that this action falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.  (Doc. 1 p. 2.) Watkins and McKnight filed motions to dismiss the action,[2]

---

A case may not be fit for review if it is speculative or "contingent in part on future possibilities." *Id.*  However, "[e]xception may be had where an issue is largely legal in nature, may be resolved without further factual development, or where judicial resolution will largely settle the parties' dispute.  *Id.* (citations omitted).  The Court finds the present action is centered on a legal question of contractual interpretation requiring little factual development and is thus fit for review.  The filing of a tort action by the estate will not develop, alter or inform the dispute at hand.

Hardship may exist in the form of "a continuing harm of uncertainty and expense flowing from doubt about the authority of legal rules governing relations between private parties." *Public Service Co. of New Mexico*, 755 F. Supp. at 1497 (citing L. Tribe, *American Constitutional Law* (2d ed.), § 3-10, at 82.  The parties need not wait for actual harm to occur. *See id.*  Here the Court finds hardship to the parties in the form of "heightened uncertainty and resulting behavior modification." *Id.*  The Court finds the confusion and expense that would result from the filing of an action by the estate prior to a declaration of the responsibilities under the Policy to create a degree of harm significant enough to support a finding of ripeness.

Finding the matter to be ripe, the Court notes that the United States District Court for the Southern District of California ruled similarly, facing an action for declaratory judgment by an insurance company to determine obligations under an insurance policy prior to the filing of a claim.  *See e.g. Insurance Co. of North America v. Virgilio*, 574 F. Supp. 48, 50 (S.D. Cal. 1983), rejected on other grounds by *Wilmington Trust v. U. S. Dist. Court for the Dist. of Hawaii*, 934 F.2d 1026, 1030 (9th Cir. 1991).

[2] McKnight initially filed her motion to dismiss in conjunction with her answer (Doc. 4) to Plaintiff's original complaint.  A notice of deficiency was entered based on Local Rule 7.2, which requires motions to dismiss to appear in separate pleadings and to be supported by separate briefs. McKnight then refiled her motion (Doc. 15).  On October 4, 2007, Plaintiff filed an amended complaint (Doc. 26).   Pursuant to a stipulation of the parties entered on October 3, 2007, McKnight reasserted her motion to dismiss (Doc. 29) in response to the amended complaint.  Watkins filed a motion to

contending the Court does not have subject matter jurisdiction under § 1333.

**II.  Standard**

In ruling on a defendant's motion, challenging subject matter jurisdiction, the Court must, at the outset, make "a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from the pleadings." *Mortensen v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *see also Osborn v. U.S.*, 918 F.2d 724, 729 fn. 6 (8th Cir. 1990).  The distinction is important because the plaintiff, in the former instance, will receive "the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at n.6.  The 12(b)(1) motions in this case challenge the complaint and pleadings on their face, requiring the Court to determine whether jurisdiction is established on the facts alleged.  Thus, the Court rules on the motions under

---

dismiss (Doc. 34) on October 11, 2007.

Accordingly, the Court finds all motions to dismiss other than those docketed as Documents 29 and 34 are moot.  McKnight has also filed a motion for summary judgment (Doc. 31), which is not yet ripe for review due to a stipulation by the parties allowing Watkins time to file a motion for summary judgment prior to the Court's ruling on McKnight's motion.

The Court further notes that McKnight filed her motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  However, McKnight challenges only the subject matter jurisdiction of the Court.  Watkins properly filed its motion based on Rule 12(b)(1) for lack of subject matter jurisdiction.  The motions raise identical arguments, and the Court treats both as motions under Rule 12(b)(1).

**AO72A**
**(Rev. 8/82)**

the 12(b)(6) standard, accepting as true Plaintiff's well-pleaded allegations and making reasonable inferences in Plaintiff's favor. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).

**III.  Discussion**

Title 28 U.S.C. § 2201 permits federal courts to declare the rights and legal relations of parties to actual controversies within their jurisdiction.  Plaintiff seeks declaratory judgment pursuant to § 2201 based on jurisdiction created under 28 U.S.C. § 1333.  Section 1331(a) creates original jurisdiction in federal district courts over "[a]ny civil cases of admiralty or maritime jurisdiction."  The issue is whether the case at bar is a case of admiralty or maritime jurisdiction.

While Defendant McKnight briefs extensively the issue of whether this Court has jurisdiction over this action based on the "underlying tort" of the Lake Hamilton accident, (Doc. 30 p. 1.), Plaintiff Markel correctly observes that this action, requiring the interpretation of the Policy, sounds not in tort but in contract.  There is currently no tort action arising from the accident.  The distinction is critical because a test has been developed in contract separate from that developed in tort

to determine § 1333 jurisdiction.[3]  *See Goodman v. 1973 26 Foot Trojan Vessel, Arkansas Registration No. AR1439SN*, 859 F.2d 71, 72-73 (8th Cir. 1988).  In the present contract action, it is necessary to apply the test established to determine admiralty jurisdiction in contract.

Admiralty jurisdiction exists for a contract dispute if the subject matter of the contract is maritime.  *Goodman*, 859 F.2d at 72 (citing *Royal Ins. Co. of America v. Pier 39 Ltd. Partnership*, 738 F.2d 1035, 1036 (9th Cir. 1984)).  Thus, admiralty contract jurisdiction is "conceptual rather than spatial," *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961), depending on maritime subject matter and not the location of the occurrences at issue.  "The boundaries of admiralty jurisdiction over contracts--as opposed to torts or crimes--being conceptual rather than spacial, have always been difficult to draw."  *Id*.  "What is maritime is not self-evident, and must be determined by analyzing the case law."  *Goodman*, 859 F.2d at 72.

A contract to insure a vessel is maritime.  *Kossick*, 365 U.S. at 735; *see also Wilburn Boat Co. V. Fireman's Fund Ins.*

---

[3] Admiralty tort jurisdiction is determined under a locality test, which asks whether the wrong occurred on a navigable waterway.  *Goodman*, 859 F.2d at 73 n.2.  The wrong also "must bear a significant relationship to traditional maritime activity.  *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 268 (1972).

McKnight argues that Lake Hamilton is not a navigable waterway and thus jurisdiction is improper.  (Doc. 30 p. 3.)  As described below, admiralty contract jurisdiction is determined under a differing test and analysis.

*Co.*, 348 U.S. 310, 313 (1956). Pleasure vessels such as the Watkins jet skies may support § 1333 jurisdiction regardless of whether they are engaged in marine commerce because the insured vessel need not be a commercial shipping vessel to establish federal jurisdiction. *See Virgilio*, 574 F. Supp. at 49-50; *see also Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675-76 (1982); *Sirus Ins. Co. (UK) Ltd. v. Collins*, 16 F.3d 34, 37 (2d Cir. 1994) ("the Supreme Court made clear in *Foremost* that admiralty jurisdiction extends to matters involving pleasure boats"). While the parties dispute whether Lake Hamilton contitutes a navigable waterway for purposes of § 1333 jurisdiction, the test for admiralty contract jurisdiction, unlike the test for admiralty tort jurisdiction, does not depend on the navigability of the waters involved because it is not a locality test. *See La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1025 (9th Cir. 2001). An insurance contract covering vessels operated only on inland waters may still be marine in nature. *See id*. The Policy extends coverage to use of the jet skies in "[i]nland lakes, rivers and intracoastal waterways of the USA." Thus, if the subject matter of the Policy is marine, jurisdiction is proper regardless of the commercial nature of the jet skies or the location of their operation and coverage.

An insurance contract is maritime in nature when its "subject matter specifically relates to hazards encountered in

maritime transportation, including the risks of river and inland navigation." *Acadia Ins. Co. V. McNeil*, 116 F.3d 599, 601 (1st Cir. 1997) (citing *New England Marine Ins. Co. v. Dunham*, 78 U.S. 1, 30 (1870)). The test requires interests insured to be maritime in nature, and not merely the risks insured against. *La Reunion*, 247 F.3d at 1025. Thus, "a policy covering a beach house against damage from the sea is not a maritime contract, but insurance for a vessel is clearly within the scope of admiralty jurisdiction." *Id*. While the subject matter of a contract must be wholly maritime in nature in order to establish jurisdiction, elements "'merely incidental'" to primary maritime nature do not defeat jurisdiction. *La Reunion*, 247 F.3d at 1025 (citing *Simon v. Intercontinental Transport*, 882 F.2d 1435, 1442 (9th Cir. 1989)). While the Policy covers Watkins jet skies during a so-called "lay-up" period, during which the jet skies must remain ashore, the Court concludes, like the *La Reunion* Court, that the fact that the defendant "is required to store his boat on land [during the lay-up period] . . . does not change the policy's essential character." *Id*. at 1026. We hold the contract to insure jet skies is wholly maritime in nature and thus supportive of § 1333 jurisdiction.

**IV. Conclusion**

In accordance with the foregoing, the Court finds jurisdiction needed pursuant to § 1333. Defendants' motions

(Docs. 29, 34) are DENIED.  Defendant Watkins is given **10 days** in which to file an answer to the amended complaint.

IT IS SO ORDERED this 3rd day of March 2008.

>   /s/ Robert T. Dawson
>   HONORABLE ROBERT T. DAWSON
>   UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)